# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY TATE JR.,<br><br>    Petitioner,<br><br>    v.<br><br>EDWARD BORLA,<br><br>    Respondent. | Case No. 1:25-cv-01583-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNAUTHORIZED SUCCESSIVE PETITION, DENY PETITIONER'S APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION, AND DENY PETITIONER'S MOTION TO STAY<br><br>(ECF Nos. 1, 2, 4)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

**I.**

**BACKGROUND**

Petitioner is a state prisoner currently confined at the California Training Facility, serving a thirty-years-to-life sentence for a murder conviction sustained in the Kings County Superior Court. (ECF No. 1 at 1.[1]) On November 18, 2025, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) In his sole claim for relief, Petitioner asserts that the prosecution against him was commenced under a repealed state constitutional authority. (Id. at 5.) Along with the petition, Petitioner filed an application for leave to file a second or successive

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

petition and a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF Nos. 2, 4.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, Petitioner challenges his 2004 Kings County murder conviction. (ECF No. 1 at 1.) Petitioner previously sought federal habeas relief in this Court with respect to the 2004 Kings County Superior Court judgment. See Tate v. Knipp, No. 1:13-cv-00025-LJO-MJS (dismissed as

1  untimely); Tate v. Borla, No. 1:24-cv-00324-KES-SKO (dismissed as successive).[2] Accordingly,
2  the Court finds that the instant petition is "second or successive" under § 2244(b) and should be
3  dismissed. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a
4  first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review
5  of the underlying claims," and thus renders subsequent petitions "second or successive").

6  Petitioner also filed an application for leave to file a second or successive petition. (ECF
7  No. 2.) However, "a petitioner cannot bring a second or successive habeas application directly to
8  the district court. Instead, he must first go to the court of appeals and make a 'prima facie
9  showing' that the petition satisfies one of § 2244(b)(2)'s exceptions, and *that* court has to grant
10 authorization for the petitioner to proceed in district court." Rivers v. Guerrero, 605 U.S. 443,
11 450 (2025). Accordingly, the application should be denied.

12 Petitioner also moves for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269
13 (2005). Under Rhines, "stay and abeyance" is available only in "limited circumstances," and
14 only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are
15 not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation
16 tactics. 544 U.S. at 277–78. However, as set forth above, the petition is an unauthorized
17 successive petition, and Petitioner must obtain prior leave from the Ninth Circuit to file a petition
18 in this Court. Accordingly, Petitioner's motion to stay should be denied.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition;
2. Petitioner's application for leave to file a second or successive petition (ECF No. 2) be DENIED; and
3. Petitioner's motion to stay (ECF No. 4) be DENIED.

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
2 Judge.
3    This Findings and Recommendation is submitted to the assigned United States District
4 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5 Rules of Practice for the United States District Court, Eastern District of California. Within
6 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
7 written objections with the Court, **limited to fifteen (15) pages in length, including any**
8 **exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling
10 pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within
11 the specified time may waive the right to appeal the District Court's order.

IT IS SO ORDERED.

Dated:   **November 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4