UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY TATE JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EDWARD BORLA,<br><br>　　　　　Respondent. | Case No.  1:25-cv-01583-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION TO STAY, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 2, 4, 8 |

Petitioner Leroy Tate Jr. is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 26, 2025, the assigned magistrate judge issued findings and recommendations dismissing the petition for writ of habeas corpus as an unauthorized successive petition and denying petitioner's motion to stay.  Doc. 8.  The findings and recommendations were served on petitioner and contained notice that any objections to the findings and recommendations were to be filed within thirty (30) days of service.  *Id.* at 4.  Petitioner did not file objections and the time to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.  Having carefully reviewed the file, the Court concludes that the findings and

1

recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that there is a plain procedural bar present debatable or wrong.  Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations issued on November 26, 2025, Doc. 8 are adopted as to the dismissal of the petition for writ of habeas corpus as an unauthorized successive petition;

2.    The petition for writ of habeas corpus is denied without prejudice;

3.    The Clerk of Court is directed to enter judgment and close the case; and

4.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    February 22, 2026

UNITED STATES DISTRICT JUDGE

2